IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Nov 30, 2024
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| NAVEEN SIRIAH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNIVERSITY OF HAWAII,<br><br>　　　　Defendant. | CIV. NO. 24-00417 SASP-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISS THE COMPLAINT |

**FINDINGS AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISS THE COMPLAINT**

Plaintiff Naveen Siriah ("Plaintiff"), proceeding pro se, filed an *Application to Proceed in District Court without Prepaying Fees or Costs* ("IFP Application") on September 23, 2024. ECF No. 4. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules"). After careful consideration of the *IFP Application*, *Complaint* (ECF No. 1) and applicable law, the Court **FINDS** that Plaintiff has sufficiently demonstrated entitlement to proceed *in forma pauperis* and **RECOMMENDS** that the district court **GRANT** the *IFP Application*. The Court has conducted the mandatory screening of the

*Complaint* and **RECOMMENDS** that the *Complaint* be **DISMISSED WITHOUT PREJUDICE** with leave to amend.

## DISCUSSION

### I.  IFP Application

Plaintiff is proceeding pro se and has filed the *IFP Application* to request to proceed *in forma pauperis* in this case.  A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").  To determine whether to permit Plaintiff to proceed *in forma pauperis*, the Court considers whether the Plaintiff's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines.  *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 30, 2024).  This

threshold is based on the number of persons in the applicant's family or household. The poverty guideline for a three-person household[1] is $25,820.00 annually.

Plaintiff states that his income is $0.00, due to being on leave without pay from his employment at the University of Hawaii. ECF No. 4 at PageID.18. A litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted). In this case, it is clear that Plaintiff is unable to pay the court costs and still afford the necessities of life. Plaintiff has monthly housing, automobile, utility and insurance expenses that total $3,093.00 per month. *Id*. This amount does not include the $200 per month Plaintiff contributes to supporting his son and daughter. *Id*. The *IFP Application* sufficiently alleges that Plaintiff is unable to pay the court costs and still afford the necessities of life. The Court thus finds it appropriate to award Plaintiff the status of *in forma pauperis*, and thus **RECOMMENDS** that the *IFP Application* be **GRANTED**.

---

[1] The Court assumes that Plaintiff is from a three-person household because the *IFP Application* indicates that Plaintiff has two dependents, a son and a daughter. No spouse was listed as a dependent. However, even if Plaintiff is from a four-person household, the analysis does not change as Plaintiff has no monthly income.

## II. Screening of the Complaint

When a plaintiff seeks to proceed *in forma pauperis*, the court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). While screening the *Complaint*, the Court construes Plaintiff's pleadings liberally because Plaintiff is proceeding pro se. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) (citations omitted).

Plaintiff commenced this lawsuit alleging a disability discrimination claim. Plaintiff is employed by the University of Hawaii system ("UH"), Hawaii Community College, and alleges that his employer failed to provide reasonable accommodations for his disabilities. ECF No. 1 at PageID.3. Plaintiff was employed as an IT Specialist for the Financial Aid Department. *Id*. at 5. On May 5, 2021, Plaintiff suffered a heart attack, which he claims is called a "widow maker." *Id*. Plaintiff was teleworking at this time, which helped him manage his work and health conditions. *Id*. Plaintiff claims that his disabilities include "anxiety, depression, and Coronary Artery Disease (CAD)." *Id*. at 3.

Plaintiff alleges that in May 2022, his employer limited Plaintiff's telework schedule, making it difficult for Plaintiff to manage his health condition. *Id*. at 5. Plaintiff claims that after he made a request for accommodations on December 19, 2022, UH placed him on involuntary, indefinite administrative leave on December 28, 2022, and delayed the processing of his claim. *Id*. at 6.

On December 28, 2022, Plaintiff had submitted a Reasonable Accommodation Health Care Provider Form, which explained the severity of Plaintiff's medical conditions and recommended remote work. *Id*. The form was completed by Plaintiff's physician Dr. Festerling. *Id*. at 6. It was on that same day that Plaintiff's supervisor placed him on indefinite administrative leave. *Id*.

Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") sets forth the pleading standard and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Although the federal rules adopt a flexible pleading policy, a complaint must "give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

Detailed factual allegations are not required under Fed. R. Civ. P. 8, but the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff alleges a disability discrimination claim and alleges that Defendant failed to reasonably accommodate his disability.  In disability discrimination claims, the Court applies the burden-shifting analysis from the case *McDonnell Douglas Corp. v. Green*.  *Vanhorn v. Hana Grp., Inc.*, 979 F. Supp. 2d 1083, 1090 (D. Haw. 2013) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)). Under this analysis, Plaintiff has the initial burden to establish a prima facie discrimination claim.  *Id*. at 1091.

> Plaintiff must put forth evidence that [he]: (1) is "disabled" within the meaning of the statute; (2) is a "qualified individual" (that is, [Plaintiff] is able to perform the essential functions of [his] job, with or without reasonable accommodations); and (3) suffered an adverse employment action because of [his] disability--*i.e.,* Defendant failed to reasonably accommodate [Plaintiff's] disability.

*Vanhorn*, 979 F. Supp. 2d at 1091 (citing *Samper v. Providence St. Vincent Med. Ctr.,* 675 F.3d 1233, 1237 (9th Cir.2012)) (citation omitted).  Once Plaintiff establishes a prima facie case, Defendant has the burden to "articulate a legitimate nondiscriminatory reason for its employment action."  *Id*.  "If Defendant proffers such a reason, 'the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence

demonstrating that the employer's explanation is pretextual.'" *Id.* (citation omitted).

In this case, the *Complaint* falls short of stating sufficient facts to show that Plaintiff is entitled to the relief he seeks. Disability is defined as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C).

*Id.* at 1091.

> One is "regarded as" having an impairment "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). Although "mental impairment" is not defined in the ADA, the ADA regulations recognize this phrase as including "[a]ny mental or psychological disorder, such as ... emotional or mental illness." 29 C.F.R. § 1630.2(h)(2);

*Kagawa v. First Hawaiian Bank/Bancwest Corp.*, 819 F. Supp. 2d 1125, 1128 (D. Haw. 2011). Under the first element required to establish disability discrimination, Plaintiff has failed to state sufficient facts showing that Plaintiff was regarded as having an impairment. The *Complaint* states that Defendant told Plaintiff that a "medical accommodation determination" had to be made and that the Defendant "request[ed] additional information from [Plaintiff's] healthcare provider." ECF No. 1 at PageID.3-4. This falls short of establishing that Plaintiff has a disability under the definition of disability, part (C), because based upon these facts, the

7

Defendant had yet to regard Plaintiff as having a disability. The rest of the facts alleged do not fall within either (A) or (B) of the definition of a disability. However, if Plaintiff believes thinks that his condition qualifies as a disability under parts (A), (B), or (C), he must clearly allege that this is the case and provide facts to support his allegation.

Plaintiff also fails to allege facts in support of the second element. The *Complaint* also fails to state whether Plaintiff was qualified to perform the job position he held. The term "qualified" is defined as:

> an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires . . . [C]onsideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

42 U.S.C.A. § 12111 (West). Here, Plaintiff does not provide any job description or facts showing that he was qualified for the employment he held. Plaintiff also does not allege how he was qualified to perform the essential functions of his job.

Under the third element, Plaintiff failed to include enough facts to show an adverse employment action. The Ninth Circuit defines the term adverse employment action broadly and is expansive in its approach to defining what type of actions can be considered an adverse employment action. *McGinn v. Hawaii Symphony Orchestra*, 727 F. Supp. 3d 915, 936 (D. Haw. 2024) (citing *Ray v.*

*Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000)).  In this case, Plaintiff fails to clearly identify which employment actions he claims constitute adverse employment actions.  Even if this Court liberally construes Plaintiff's "involuntary administrative leave" as a possible adverse employment action, the Court cannot conclude that this element is met because Plaintiff has not stated how the circumstances of his case shows that the unpaid leave is an adverse employment action as opposed to a reasonable accommodation.  See *McGinn*, 727 F. Supp. 3d at 936-937 ("there might be some situations where unpaid leave could itself constitute a reasonable accommodation").  Accordingly, even if the Court construes the *Complaint* liberally, the Court is unable to find that Plaintiff has stated a viable claim.

### III.   Leave to Amend

Despite the foregoing deficiencies, Plaintiff is proceeding pro se and the deficiencies could potentially be cured by amendment.  *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted).  The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file an amended complaint.

Plaintiff shall not file an amended *Complaint* until the district court renders a decision on this Court's *Findings and Recommendation to Grant Application to Proceed in District Court Without Prepaying Fees or Costs and Dismiss the Complaint* ("Findings and Recommendation") and grants Plaintiff leave to amend the *Complaint*. If Plaintiff is granted leave to amend, Plaintiff shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this *Findings and Recommendation* and/or in the district court's order, as directed by the district court. Plaintiff shall also comply with the deadline set forth by the district court to file the amended complaint.

Failure to cure the deficiencies identified in the district court's order or failure to timely file an amended pleading that conforms with the district court's order may result in dismissal of this action without leave to amend. Plaintiff is reminded that if an amended complaint is filed, the original pleading may not be incorporated into the amended pleading, and the original pleading—the original *Complaint*—shall no longer serve any function in this case. The Court reminds Plaintiff to state all claims clearly and concisely, but with enough factual allegations to determine from the face of the amended complaint that Plaintiff has stated a claim upon which relief can be granted.

## CONCLUSION

The Court **FINDS** that Plaintiff is unable to pay the required fees and **RECOMMENDS** that the district court **GRANT** the *IFP Application*. The Court also **FINDS** that the *Complaint* fails to state a claim and **RECOMMENDS** that the Complaint be **DISMISSED** without prejudice with leave to amend.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 30, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00417 SASP-RT; *Naveen Siriah vs. University of Hawaii*; Findings and Recommendation to Grant Application to Proceed in District Court Without Prepaying Fees or Costs and Dismiss the Complaint